# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2508

_____

Joseph Knott,                                    *
                                                 *
       Appellant,                       *
                                                 *   Appeal from the United States
  v.                                         *   District Court for the
                                                 *   District of Minnesota.
AMFEC, Inc.,                                     *
                                                 *   [UNPUBLISHED]
       Appellee.                        *

_____

Submitted: February 14, 2012
Filed: June 28, 2012

_____

Before GRUENDER, BENTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

A 3,000-pound-capacity meat blender/mixer severed part of Joseph Knott's hand when, while preparing to wash the blender from atop a platform with the blender running and its safety grate open, Knott slipped and his arm entered the blender. Knott brought suit against AMFEC, Inc., which purchased the assets of the company that manufactured the blender, arguing that AMFEC had a post-sale duty to warn of the dangers involved in cleaning the blender in the manner attempted by Knott. The

district court[1] granted summary judgment to AMFEC on the ground "that the danger posed by cleaning the blender with the safety grate open and the blender in operation was obvious" and that under Minnesota law manufacturers do not have a "duty to warn of a foreseeable danger if the danger would be obvious to anyone using the product." *Knott v. AMFEC, Inc.*, No. 09-CV-1098, 2010 WL 4116602, at *5 (D. Minn. Oct. 18, 2010); *see also Gamradt v. Fed. Labs., Inc.*, 380 F.3d 416, 419 (8th Cir. 2004) ("Under Minnesota law, a manufacturer has a duty to warn consumers of reasonably foreseeable dangers. This duty is relieved, however, when the danger the product poses is open and obvious." (internal citations omitted)). Knott now appeals, and, after *de novo* review, *see id.*, we affirm for the reasons stated in the district court's well-reasoned opinion. *See* 8th Cir. R. 47B.

_____

_____

[1]The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota.